# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ALEC THOMAS KAMEROFF,

            Plaintiff,

    v.

SCOT LEADERS, *et al.*,

            Defendants.

Case No. 3:21-cv-00201-RRB

## ORDER OF DISMISSAL

On September 2, 2021, Alec Thomas Kameroff, a self-represented prisoner, filed a Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983, a civil cover sheet, and a Motion to Proceed *In Forma Pauperis* on a form from the Alaska State Court System.[1] On October 1, 2021, Plaintiff submitted a First Amended Complaint.[2]

### I.    First Amended Complaint

In his First Amended Complaint, Plaintiff named Scot Leaders, District Attorney for Kenai, Alaska, and William Taylor, attorney for the Office of Public Advocacy, as defendants.[3] Defendants are or were attorneys appearing before

---

[1] Dockets 1–3.

[2] Docket 8.

[3] Docket 1 at 2.

the Alaska Superior Court in Plaintiff's ongoing criminal matter *State of Alaska v. Kameroff*, Case No. 3KN-20-00124CR.[4]

Plaintiff alleges that Defendant Leaders violated his due process rights by "improperly obtained witness testimony from my wife against me. . . . and told her that if she refuses to testify, she will go to jail, and lose her kids."[5] He alleges Defendant Taylor violated his due process rights, because he did not assert Plaintiff's speedy trial rights and instead told him "no trials were happening."[6] Lastly, Plaintiff alleges that he is being subject to cruel and unusual punishment, because of the alleged denial of due process, resulting in (1) a lost job, (2) a strained marriage, (3) a petition to terminate his parental rights, and (4) being "constantly surrounded by violent, and immoral offenders, which changes [his] thought processes on a daily basis of 'jail house' routines and practices."[7]

For relief, Plaintiff requests (1) $10,000,000.00 in damages; (2) $10,000,000.00 in punitive damages; (3) an order requiring "defendant to

---

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[5] Docket 1 at 3.

[6] Docket 1 at 4.

[7] Docket 1 at 5.

Case No. 3:21-cv-00201-RRB, *Kameroff v. Leaders, et al.*
Order of Dismissal
Page 2 of 8
Case 3:21-cv-00201-RRB   Document 11   Filed 11/02/21   Page 2 of 8

resign from office;" and a (4) declaration that he is "innocent, exonerated, and expunged of all charges."

The Court takes judicial notice that Plaintiff's pending criminal matter *State of Alaska v. Kameroff*, Case No. 3KN-20-00124CR, commenced February 4, 2020.[8] Plaintiff faces fourteen charges, including three unclassified counts of Sexual Assault 1, four counts of Class B Sexual Assault 2, and seven counts of Class C assault.[9] Defendant Taylor has withdrawn as counsel from this case and Plaintiff proceeds as a self-represented defendant.[10]

## II. Screening Requirement

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

>  (i) is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or

---

[8] *Supra* note 4.

[9] *Id.*

[10] *State of Alaska v. Kameroff*, Case No. 3KN-20-00124CR, docket entry dated September 22, 2021 ("Attorney Office of Public Advocacy (3KN) dismissed/withdrawn for Defendant Kameroff, Alec Thomas on 09/22/2021." For a complete docket view of the state litigation in this matter, individuals may search Alaska state online case records at https://records.courts.alaska.gov/).

Case No. 3:21-cv-00201-RRB, *Kameroff v. Leaders, et al.*
Order of Dismissal
Page 3 of 8
Case 3:21-cv-00201-RRB   Document 11   Filed 11/02/21   Page 3 of 8

> (iii) seeks monetary relief against a defendant who is immune from such relief.[11]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[12] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[13] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[14]

## III. Discussion

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[15] For relief

---

[11] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[13] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[14] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[15] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Case No. 3:21-cv-00201-RRB, *Kameroff v. Leaders, et al.*
Order of Dismissal
Page 4 of 8
Case 3:21-cv-00201-RRB   Document 11   Filed 11/02/21   Page 4 of 8

under 42 U.S.C. § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[16] To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors.[17] Furthermore, a defendant must be eligible for suit. Plaintiff fails to plead this required element; therefore, the Complaint must be dismissed.

   a.  Defendant Taylor

A lawyer appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, . . . not a state actor."[18] Such a lawyer, whether from the Office of Public Advocacy or the Public Defender's Office is "no doubt, paid by government funds and hired by a government agency. Nevertheless, his function was to represent his client, not the interests of the state or county."[19] It does not matter that a state criminal defense lawyer is paid from public funds. "Except for the source of payment, . . . the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or

---

[16] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[17] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[18] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

[19] *Id.*, citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "a lawyer's traditional functions" in the lawyer's traditional adversarial role).

Case No. 3:21-cv-00201-RRB, *Kameroff v. Leaders, et al.*
Order of Dismissal
Page 5 of 8
Case 3:21-cv-00201-RRB   Document 11   Filed 11/02/21   Page 5 of 8

defender program."[20] This means that because a criminal defense lawyer's duty and loyalty are to his client, not the state, a court appointed attorney is not a state actor for purposes of Section 1983.

William Taylor is an attorney with the Office of Public Advocacy. The First Amended Complaint seeks damages from the attorney due to his alleged actions as an attorney for the Office of Public Advocacy. Mr. Taylor, as court appointed counsel to the indigent, is not a state actor as a matter of law. Therefore, he cannot be sued under 42 U.S.C. § 1983.

    b.    <u>Defendant Leaders</u>

District attorneys are state actors; however, prosecuting attorneys are immune from suit. Prosecutorial immunity protects government attorneys when they are acting pursuant to their judicial role as an advocate for the state performing functions "intimately associated with the judicial phase of the criminal process."[21] A prosecutor's absolute immunity extends to "initiating a prosecution and presenting the State's case,"[22] including eliciting witness testimony, arguing motions, and pretrial court appearances.[23]

---

[20] *Polk County*, 454 U.S. at 318–19.

[21] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

[22] *Id.*

[23] *See Burns v. Reed*, 500 U.S. 478, 490–91 (1991).

Case No. 3:21-cv-00201-RRB, *Kameroff v. Leaders, et al.*
Order of Dismissal
Page 6 of 8
Case 3:21-cv-00201-RRB   Document 11   Filed 11/02/21   Page 6 of 8

However, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity."[24] Further, a prosecutor can be held accountable for malicious prosecution. But for any such claim to go forward, a claimant must provide plausible factual details and more than just conclusory allegations.[25] Most importantly, a claim for malicious prosecution cannot proceed until the termination of the prior criminal proceeding has occurred in favor of the accused.[26] This "avoids parallel litigation over the issue of probable cause and guilt . . . and it precludes the possibility of the claimant [*sic*] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."[27]

Scot Leaders is the District Attorney for Kenai, Alaska. The First Amended Complaint seeks damages from the attorney due to his alleged actions eliciting witness testimony as the prosecuting attorney in Plaintiff's ongoing state court

---

[24] *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

[25] *Iqbal*, 556 U.S. at 679 (stating that pleadings which "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

[26] *Heck v. Humphrey*, 512 U.S. 47, 484 (1994).

[27] *Heck*, 512 at 484.

Case No. 3:21-cv-00201-RRB, *Kameroff v. Leaders, et al.*
Order of Dismissal
Page 7 of 8
Case 3:21-cv-00201-RRB   Document 11   Filed 11/02/21   Page 7 of 8

criminal matter. Mr. Leaders, as a prosecuting governmental attorney, is immune from suit as a matter of law. Therefore, he cannot be sued under 42 U.S.C. § 1983.

## IV. Conclusion

Plaintiff has failed to name a proper state actor under 42 U.S.C. § 1983, or a defendant that is not immune from suit. No other defendants could be substituted under the alleged facts; therefore, amendment is futile, and the Complaint must be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1. This action shall be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief can be granted, seeking relief from a defendant who is immune from suit, and the futility of amendment.

2. A dismissal under these circumstances would be a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___, 140 S. Ct. 172 (2020).[28]

3. The Clerk of Court shall issue a final judgment.

DATED this 2nd day of November, 2021 at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[28] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 3:21-cv-00201-RRB, *Kameroff v. Leaders, et al.*
Order of Dismissal
Page 8 of 8
Case 3:21-cv-00201-RRB   Document 11   Filed 11/02/21   Page 8 of 8